The opinion of the Court was delivered by
Withers, J.,
A promissory note payable to O. B. Hilliard or order was endorsed by him to “ Charles Jugnot, Pr’st, M. P. E. Co.” Jugnot was, at the time, President of the Mount Pleasant Perry Company, and there is no question that the letters attached to his name as endorsee mean to designate him as such president. It is also a fact in evidenee that the consideration of the note was a share in the stock of the Company ; that Dupont was, before and at the time of the execution of the note, a stockholder therein, as were also Jugnot ^nd Hilliard. Dupont sued the Company upon a demand not *258 disputed, and the note was set up by the Company as a discount. The question is whether the legal interest was in the Company, so as to warrant them in offering the discount.
The Company is incorporated as the “ Mount Pleasant Perry Company.”
The note was discounted in a bank, and when due and unpaid was protested and notices served, one upon Jugnot, as the President of the Mount Pleasant Perry Company.
Any body who is of legal ability to act for. himself, may act by attorney or agent; a corporation aggregate must so act. We find in Story on Agency, Sec. 160, a, this doctrine laid down, (even recognised by English courts, where more of the old stringency prevails, vide Higgins vs. Senior, 8 Mee. & Wels. 834,) to wit. “ If the agent possess due authority to make a written contract not under seal and he makes it in his own name, whether he describes himself to be- agent or not, or whether the principal'be known or unknown, he, the agent, will be liable to be sued, and be’entitled to sue thereon, and his principal also will be liable to be sued and be entitled to sue thereon, in all cases, unless from the attendant circumstances, it is clearly manifested that an exclusive credit is given to the agent, and it is intended by both parties that no resort shall, in any event, be had by or against the principal upon it.” Mr. Justice Story thinks the principle worthy of commendation for its virtue of reciprocity, as giving the other contracting party the same rights and remedies against the agent and principal which'they possess against him. In Secs. 394, 395, and the notes of the same work, numerous examples may be seen, embracing corporations and natural persons, where an agent may sue and the principal may also.
The principle should be more liberal in recognizing the legal interests of corporations in contracts made with their agents, because they are obliged to act and contract through agents. The difficulty, in many cases, of ascertaining who was the party contracted with, lets in and requires a view of facts and cir *259 cumstances to settle the question. What has been said is enough to show that the test urged upon us, to wit., could Jugnot sue in his individual interest, is not at 'all conclusive. Says Justice Story, in note 4, page 529, of his Agency, “ It is very difficult if not impracticable to reconcile all the cases on this subject. Many of them might be reconciled by the doctrine that either the agent or the principal might sue in such cases.” Sometimes it has been held that the principal can sue when the consideration moved from him, and that a stranger to the consideration cannot be plaintiff in a parol contract, that the facts being known which point to the foundation of the assumpsit, the law will act accordingly by fixing the legal interest, where ex eqwo et bono, it ought to be. Brown on Actions, 101, et seq. In one of our own cases it was adjudged that where a note was payable to the treasurer of the company, (which was not a corporation,) whoever was treasurer could sue, and the reason assigned was that no one else could because the principals were nota corporation, else they could sue, and also because the agent had a personal interest in the commissions. Ramsey vs. Anderson, 1 McM. 300.
In Piggott vs. Thompson, 3 Boss. & P. 148, Piggott was treasurer of a board of commissioners appointed by Acts of Parliament to drain fen lands and the defendant hired tolls of a portion reclaimed at ¿£145 per annum, and promised to pay the treasurer of the commissioners at his house in Ely. It was determined that the contract was made with the commissioners and not the treasurer personally, and therefore he could not sue, for if he had been displaced a payment to him would not have been good.
This may be a full set-off or discount in argument against the case of Buffum vs. Chadwick, 8 Mass. 103, urged upon us here as authority, even if that case imported all attributed to it. But the court placed that case upon the fact that the “ contract was made with Buffum personally,” though he was described as agent of the “Providence Hat Manufacturing Company,” which *260 does not appear to have been a corporation, and the distinction is drawn between the case and that, of Gillmore & Pope, 5 Mass. 491, where it was held that a turnpike corporation could sue upon a promise made to their'agent. Nor was it said that if the fact appeared that Buffum dealt for the company and the defendant received the consideration from them that the principals could not sue. Then we have the case of the President and Company of the Commercial Bank vs. French, 21 Pick. 486, where the promise was to pay “ the Cashier of the Commercial Bank, Boston,” and the plaintiff’s action was maintained. The learned opinion in the last case may be well referred to upon the present occasion. Since our ease of Ligon vs. Irvine, 1 Rich. 502, it is no longer to be questioned that if the contract be made with a corporation or company as shown by the circumstances, the legal right to recover or the legal duty to respond is-with the principal.
We thus see how strongly both reason and authority would lead to the conclusion that if Dupont had made Jugnot the payee of the note precisely as he is made endorsee, the right of action would have been in the defendant here impleaded by Dupont, notwithstanding in certain circumstances the agent might have sued as where he had a personal interest — where the consideration proceeded from him, — where there was no other mode of recovery, as was said in the case of Ramsey vs. Anderson, before cited.
Stronger does the reason and authority become, where the question of the legal interest arises upon the transfer of a commercial instrument between third parties, and the endorsee is the agent of a corporation, treats the instrument as the property of his principal, by discounting it before due as theirs, and proclaiming it to be theirs when offered as a discount in an action against them. Since we have seen that there is nothing on the paper that ex vi termini makes it the property of the agent, and when we advert to the. principle involved in the case of Ligon vs. Irvine, and the conduct of Jugnot in relation *261 to this note, it is difficult to see how he could henceforth affirm, or his representatives after him, that the legal interest was in him personally, or that it was not in the corporation which he represented.
All this corresponds with the equitable character of our law of discount. In carrying it out, this Court holds, that in an action by the auctioneer a purchaser may set off a debt due to him by the owner of the goods, or he may p.ay the owner after the delivery of the goods, and overthrow the action by the auctioneer. Blun vs. Della Torre, 3 Hill, 155, Nor will the defendant be debarred his defence wh&re the payee of a negoiable note transfers it to another without consideration, to avoid the defence. Henderson & Dial vs. Irby, 1 Speer, 46. These positions would abundantly protect Dupont against a colorable transfer to cut off his demand whether he be plaintiff and met by a discount or defendant and offering one. We think, therefore, the point of law decided upon circuit and now considered, was correctly adjudged.
The rest of the case involving a question as to the bona fides of Hilliard in selling Dupont the share in the Perry Company, which touched the consideration of the note, was matter of fact determined by the jury, and determinable by them alone. Indeed this position would seem to assume that the whole transaction was with the corporation, else proof would be wanting that Jugnot the endorsee participated in the circumvention, or had notice of it before he received the note.
The motion is dismissed.
O’Neall and Ward law, JJ., concurred.
G-loyer, J., concurred, but was absent upon the delivery of the judgment.

Motion dismissed.